**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Rickey Jones,                                        Civil No. 04-4856 (DWF/AJB)

             Plaintiffs,

v.                                                          **ORDER AND**
                                                              **MEMORANDUM**
City of Minneapolis, including but not limited
to its Police Department; Steve Wuorinen, in his official
and individual capacities; Kevin Lazarchic,
in his official and individual capacities;
Scott Downing, in his official and individual
capacities,

             Defendants.

_____

Jill Clark, Esq., Jill Clark, PA, counsel for Plaintiffs.

Timothy S. Skarda, Esq., and Tracey L. Nelson, Esq., Minneapolis City Attorney's
Office, counsel for Defendants.

_____


**INTRODUCTION**

This matter is before the Court on Plaintiff Rickey Jones' Post-Trial/Post-

Judgment Motions.  The Court held a jury trial on this matter on December 3-5, 2007.

The Court submitted to the jury the question of whether the Defendant Officers

Wuorinen, Lazarchic, and Downing used excessive force on Plaintiff during an incident

that occurred on November 22, 2002.  The jury returned a verdict in favor of Defendants.

Plaintiff now moves for:  (1) judgment as a matter of law, pursuant to Fed. R. Civ.

P. 60; (2) a new trial, pursuant to Fed. R. Civ. P. 50; (3) a new trial, pursuant to Fed. R.

Civ. P. 59; (4) the re-opening of evidence to hear additional evidence, pursuant to Fed. R.

Civ. P. 59, or to make new findings of fact and conclusions of law; and/or (5) modifying

or amending the judgment pursuant to Fed. R. Civ. P. 59.  Plaintiff also moves for

sanctions against Defendants for the "intentional policy/custom/training of police not to

record the use of force of any police officer in police reports" and "due to the

custom/policy/training that officers are to say the civilian 'resisted' if force is used on

them."  (Pl.'s Post-Trial/Post-Judgment Mots.: Amended at 2.)  In addition, Plaintiff has

moved for sanctions against Defendants for "the intentional policy/custom/training of

police not to record the use of force of any police officer in police reports" and "due to

the custom/policy/training that officers are to say the civilian 'resisted' if force is used on

them."  (*Id*.)  The Court heard oral argument on the motions on February 8, 2008.

Having reviewed the record and proceedings in the matter, including all of the

briefs submitted by the parties, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Post-Trial/Post-Judgment Motions (Doc. Nos. 92 and 93)

are **DENIED**.


Dated:  February 21, 2008              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court

## MEMORANDUM

### I.      Motion for Judgment Notwithstanding the Verdict

Plaintiff moves for judgment notwithstanding the verdict pursuant to Fed. R. Civ.

P. 50.  As a preliminary matter, the City counters that Plaintiff's motion is procedurally

deficient because Plaintiff (admittedly) did not make a Fed. R. Civ. P. 50(a) motion at the

close of evidence.  Thus, the City contends that Plaintiff is not entitled to raise the matter

now.

The Eighth Circuit has held that "a litigant who fails to move for judgment as a

matter of law at the close of the evidence cannot later argue-either in a post-trial Rule 50

motion or on appeal-that the verdict was supported by insufficient evidence." *Jackson v.*

*City of St. Louis*, 220 F.3d 894, 896 (8th Cir. 2000) (quoting *Pulla v. Amoco Oil Co.*, 72

F.3d 648, 655 (8th Cir. 1995)).  "[T]he purpose of requiring the moving party to articulate

the ground on which [judgment as a matter of law] is sought 'is to give the other party an

opportunity to cure the defects in proof that might otherwise preclude him from taking the

case to the jury.'" *Walsh v. Nat'l Computer Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir.

2003) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d

Cir. 1998)) (citations omitted).  "If specificity is lacking, judgment as a matter of law may

neither be granted by the district court nor upheld on appeal unless that result is 'required

to prevent manifest injustice.'" *Id*. at 1158 (quoting *Cruz v. Local Union No. 3 of the Int'l*

*Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994)).

Here, because Plaintiff did not move for judgment as a matter of law before the

case was submitted to the jury, Plaintiff has not advanced any grounds by which the Court

could grant a motion for judgment as a matter of law after the verdict.  Nor has Plaintiff

asserted any grounds by which the Court would conclude that judgment as a matter of law

is required to prevent manifest injustice.  *Walsh*, 332 F.3d at 1158.  Thus, on procedural

grounds alone, Plaintiff's motion for judgment notwithstanding the verdict fails.

Moreover, even if the Court were to consider Plaintiff's motion procedurally

appropriate, the Court finds that Plaintiff's motion would fail on the merits.  The Eighth

Circuit has held that:

> [i]n ruling on a motion for [judgment as a matter of law], the district court
> must (1) consider the evidence in the light most favorable to the prevailing
> party, (2) assume that all conflicts in the evidence were resolved in favor of
> the prevailing party, (3) assume as proved all facts that the prevailing
> party's evidence tended to prove, and (4) give the prevailing party the
> benefit of all favorable inferences that may reasonably be drawn from the
> facts proved. That done, the court must then deny the motion if reasonable
> persons could differ as to the conclusions to be drawn from the evidence.

*Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996).  Here, reasonable

persons could differ as to the conclusions to be drawn from the evidence advanced at trial.

And although the Court would not have made the same credibility determinations as the

jury made regarding the officers' testimony, especially the testimony of Officer

Wuorinen, the Court cannot substitute its judgment for that of the jury.  In other words,

although this Court found that the Plaintiff's testimony was credible and the officers'

testimony was not, the Court finds that the jury's conclusions are supported by the

evidence that was presented and Plaintiff's motion fails on the merits.

CASE 0:04-cv-04856-DWF-AJB Document 100 Filed 02/21/08 Page 5 of 7

For these reasons, Plaintiff's motion for judgment notwithstanding the verdict and/or for a new trial pursuant to Fed. R. Civ. P. 50 is denied.

## II. Motion for New Trial, Re-Opening of Evidence, New Findings

Plaintiff moves for a new trial, or for the re-opening of evidence to hear additional evidence, or to make new findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 59. The bases for Plaintiff's motion are many but, in sum, Plaintiff raises various issues repetitive of those brought at summary judgment and then asks that the Court reintroduce the causes of action for false imprisonment and malicious prosecution in light of evidence that was elicited at trial. In response, Defendants assert that there is no basis to grant a new trial, to re-open evidence, or to make new findings of fact and conclusions of law pursuant to Rule 59.

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care v. P.T.—O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citations omitted).

For the most part, Plaintiff seeks to revisit the Court's summary judgment Order, again raising many arguments that were not persuasive at the summary judgment stage. Plaintiff's latest assertions do not form the basis for the Court to grant a new trial. In addition, Plaintiff asks for a new trial based on issues of credibility—matters which the

jury happened to decide in Defendants' favor.  As noted above, the Court cannot

substitute its credibility determinations for those of the jury.  And finally, Plaintiff

appears to contend that new evidence was discovered at trial, yet Plaintiff sets forth no

basis as to why such new evidence could not have been discovered at the summary

judgment stage.  In response to these post-trial Motions, the Court has re-read the

evidence and argument that was before the Court at the time of summary judgment

regarding Plaintiff's false imprisonment and malicious prosecution claims, and the Court

stands by its determinations.  For these reasons, Plaintiff's motion is without merit.

Moreover, even assuming that a separate jury instruction on assault and battery

could have resulted in a different jury conclusion, the Plaintiff did not ask for such an

instruction.  Nor did Plaintiff object when the Court discussed the matter, at pretrial, of

"unifying" the excessive force with the assault and battery claims.  The case was not tried

by the Plaintiff as an assault and battery case, nor defended as such by the Defendants.

Thus, Plaintiff has waived any right to object to these matters now.

Plaintiff also moves for a new trial pursuant to Fed. R. Civ. P. 59.  A new trial may

be granted pursuant to Rule 59 if the verdict is "against the great weight of the evidence."

*See Butler v. French*, 83 F.3d 942, 955 (8th Cir. 1996).  The Eighth Circuit has stated

that:

> a trial court may not grant a new trial simply because the trial court would
> have found a verdict different from the one the jury found.  This is certainly
> a necessary condition to granting a motion for new trial, but it is not a
> sufficient one.  Rather, the trial court must believe, as we have already said,
> that the verdict was so contrary to the evidence as to amount to a

miscarriage of justice.

*Id.*  Here, Plaintiff sets forth a laundry list of factual matters that Plaintiff believes point to

jury error.  Again, although the Court would have reached a different result from that of

the jury, the Court finds that the jury's verdict was not so contrary to the evidence as to

result in a miscarriage of justice.  *Id.*  Notably, the Court rejects the notion that the jury's

verdict was the result of racial bias.  Plaintiff's motion for a new trial fails.

**III.    Motion to Reconsider**

Plaintiff also seeks reconsideration of the Court's summary judgment Order dated

August 1, 2007, pursuant to Local Rule 7.1(g).  Pursuant to Local Rule 7.1(g), a request

for leave to file a motion for reconsideration will only be granted upon a showing of

"compelling circumstances." A motion to reconsider should not be employed to relitigate

old issues but to "afford an opportunity for relief in extraordinary circumstances."  *Dale*

*& Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348

(D. Minn. 1993).

Consistent with the Court's comments above, the Court finds that no compelling

circumstances exist to warrant a motion to reconsider.  As such, Plaintiff's request for

leave to file a motion to reconsider is denied.

**IV.    Motion for Sanctions**

Finally, the Court finds no basis for Plaintiff's motion for sanctions.  Plaintiff's

motion is denied in this regard.

D.W.F.